UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00073-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KELVIN OSVALDO SILVA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro Motion for Order of U.S. Citizenship Status Correction. Defendant, having been convicted in 2013 in this Court of violations of 21 U.S.C. § 841(b)(1)(A) & (B), is presently serving a 120 sentence in the Federal Correctional Facility in Jessup, Georgia. Defendant contends that the Department of Homeland Security submitted an Immigration Detainer (Def. Ex. 1) to the Bureau of Prisons on August 28, 2017, indicating that he either lacks immigration status or, even with immigration status, is removable under federal immigration law. Defendant contends in his motion that he is a citizen and asks "this Court order the correction of his United States Citizenship status on [the] record." Motion (#39) at 1.

Defendant is advised that this Court lacks jurisdiction to provide him with the relief he seeks. First, this court does not make determinations as to immigration status, as that determination is ultimately made by the Attorney General of the United States. 8 U.S.C. §1231. Second, to the extent defendant may be challenging his custody, courts may issue writs of habeas corpus pursuant to 28 U.S .C. § 2241 only if the petitioner is "in custody in violation of the Constitution or law or treatises of the United States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

1

A DHS detainer, without more, does not satisfy § 2241's "in custody" requirement. Sewell v. Stephens, 5:10-HC-2247-FL, 2011 WL 2746122, at *1 (E.D.N.C. July 13, 2011); Blackwell v. Cross, No. 2:08–cv123, 2009 WL 2877245, at *6 (N.D.W.Va. Sept. 3, 2009). Third, even if defendant had left BOP custody and were in DHS custody, this Court lacks jurisdiction to hear his claim because he is located in Georgia. See Hong Thi Le v. Dep't of Homeland Sec., No. 1:08–CV–212, 2009 WL 1351205, at *3 (N.D.W.Va. May 13, 2009) (finding jurisdiction to challenge ICE detainer lies in the jurisdiction where the petitioner is being held).

Having considered defendant's pro motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro Motion for Order of U.S. Citizenship Status Correction (#39) is DENIED without prejudice for want of jurisdiction. Defendant is advised that any challenge to his custody at FCI Jesup must be made in the United States Court for the Southern District of Georgia.

Signed: December 5, 2017

Max O. Cogburn Jr
United States District Judge